GastoN, Judge.
 

 The principal question in this case is, whether the testator has by the codicil to his will,revoked altogether the devises and bequests which he had made to his wife, or has revoked those dispositions only as t > a moiety of the property so given, and which moiety is, by the codicil, devised and bequeathed to his son
 
 Wesley.
 
 After reciting the devises and bequests to his wife, the words of the codicil are, “now I do revoke and make void the said legacies to my wife.”— These words taken by themselves, leave no room for construction — they express an absolute and entire revocation of “ the legacies” referred to, and they must be taken in their legal sense, unless by the context considered in reference to the nature of the property, and the state of the testator’s family, they
 
 clearly
 
 appear to be otherwise intended. But the literal and technical force of words in a will may be counteracted by rational implication; this implication may be collected from other expressions in the will throwing light upon the intention; the state of the testator’s family, at the time of making the will, may, when a rational doubt occurs as to its meaning, be also taken into consideration, and the absurdities, improbabilities and inconsistencies which arise from a literal interpretation may either furnish or
 
 *390
 
 assist in furnishing a sufficient reason'to adopt another construction. We think that in this case, there are so many concurring and strong indications that the words above recited, were used inaccurately, as to authorise us to declare judicially, what as individuals we cannot doubt, that the codicil was designed to revoke the gift of property to his wife, so far, and so far only, as to make way for the disposition to his child of a part of that property. At the date of the will he had one daughter» and no other child. He makes what he considers an adequate provision for this daughter, and takes care to place this provision beyond the power of her husband, by securing it to her separate use during the coverture, and should she die before him,then to her children; and lie gives the mass of his property to his wife absolutely and forever. In the course ofa year thereafter a new claimant on his bounty comes into existence. He has a child for whom he had made no provision.Thcn is this codicil executed, and it is impossible not to see that the primary and
 
 tole direct
 
 object of the codicil is to provide adequately for this child, and that whatever else is done is incidental and subservient to this purpose. He cannot effect his object without diminishing the gifts to others, and that in favor of his wife furnishes the fund to which he would naturally resort. The mass of his property had been given to her; the being to be provided for was
 
 her
 
 child as well as
 
 his
 
 — she had lost none of her hold on his affection because of this new link of their union ; but it was fair that she should divide with her son the liberal bounty of her husband. Accordingly he leaves the disposition made with respect to his married daughter wholly untouched — neither increases nor diminishes its amount, nor changes the modifications for its safe enjoyment, but gives to the infant
 
 sonhulf q(
 
 the negroes and lands given to his wife by the will, and half also of all the residue of the property thereby given her, including the beds, chests and tables, cattle, hogs and sheep. The codicil is silent as to the disposition of the other moiety of this property, and if we are to understand him as revoking
 
 in toto
 
 the devises and bequests
 
 *391
 
 to liis wife, he meant to die intestate as to this moiety. He must have known," that in that cvenfifSvouId become ' distributable' by law. If the meaning of the codicil be. ascertained, however inconsistent its provisions, they must have effect, but it is almost impossible to believe that a rational' man
 
 intended
 
 this partial intestacy— that after .giving a moiety in express terms to his son, hie intended that this son should also-take a half of the other moiety — that he intended1 that the husband of his daughter, whom he had excluded from the power of deriving befiefit from'all which he had expressly given to his. daughter,'should be able to possess himself of the other half of this moiety — that he intended such Subdivisions to take place in negroes, tables, chests, beds, ..and all the
 
 et cetera
 
 of perishable articles
 
 ;
 
 and that ho
 
 meant,
 
 as a fall and adequate provision fbr liis widow, -in lieu of dower and distributive share, when he well knew she could dissent from his will,
 
 an undivided moiety
 
 df- two little negroes, the eldest not inore than a year old! •!t may be Tjuestidned however, whether tlie absurdities of this supposition would of themselves be sufficient to overrule’the literal meaning of the words of revocation, in as much as of themselves they do not distinctly point out the’-true meaning of these words, nor -the-extent.of such revocation. But the codicil itself, ■demonstrates the testator’s meaning, as satisfactorily I •think, as though it had declared such meaning in "appropriate terms. The testator takes notice that he had sold one of the negroes named
 
 Jim
 
 left to his wife by the^vill, and that lie has a negro named
 
 Li%,
 
 which he had left out of that will altogether. He therefore adds in this codicillary bequest to his son, after the gift-of a half of thc lands & negroes left by the wili to his-wife, these words “including the negro girl
 
 Lin, in the place
 
 of the negro mart Jim.” The obvious inference to be.drawn
 
 from these
 
 expressions is, that the gift in thatwill was-, not entirely, made-void by the codicil, nor so regarded by the testator,, but was-.recognized as still subsisting, andrevoked so far, and s.o. far only, as to give way to the dispositions made-fey- the, codicil. Hero too, we may-remark, that tho tesi-
 
 *392
 
 tator, perceiving that lie had omitted to dispose of the negro Liz-by his will, undertakes to supply that omission by his codicil.' Is it conceivable that in , perform? iiig this undertaking he- should give
 
 half,
 
 of this negro,
 
 intending
 
 to leave the omission unsupplied as to tho-other moiety? Consider the bequest to his wife revok-. ed only so far as it conflicts with the disposition to his son, and the substitution, or as lie terms it, the“ including”1 of
 
 Liz
 
 in the place of
 
 Jim
 
 renders the whole consistent and rational. But after.all this, follows another bequest, which ought to remove any, lingering'scruple, as to the testator’s intention. Two children had been-born of tire negroes given by,the will to his wife, since the date thereof, and of course would not pass-by-virtue-of that bequest; as modified by the codicil, to his wife and the infant child, along with' the parent stock. To avoid this inconvenience,- and to secure to her and hcu-chi Id, this fruit of the principal donation, lie. adds—
 
 u
 
 I.
 
 further give, to be divided
 
 two infant negroes,., born since the execution of my, will,
 
 between
 
 m .s<
 
 n. Wesley. and my wife Jllseij.”
 
 The cases of
 
 Edleston
 
 v.
 
 Speake,
 
 and
 
 Onions
 
 v.
 
 Tyrer,
 
 (Show. 89, 1
 
 P. Wms.
 
 348.) have decided that where an express revocation is made of.a.previous testamentary dis¡>osition, and in the revoking instrument another disposition is made, and the court can discover
 
 Unit'the
 
 objectof the revocation is to make way for this second disposition,
 
 il'this
 
 cannot take effect, there shall not be a revocation. The principle of these decisions bears us out, I-think, in interpreting the express words of revocation here, aa extending no further in the intent of the testator, than making way for the substituted disposition, in the same maimer as though he had, after the revoking clause inserted the words,
 
 “
 
 that is to say as follows.”
 

 A codicil by which tho testator intended to revoke a former.and make anew disposition of property, is not effectual as a revocation, unless it be effectual as to the new disposition of the same property.
 

 Crop* growiug upon land, at the death of the divisor, go to the devisee.
 

 The crops growing upon the lands devised by the testator, according to the construction which the court has given the will and codicil, passed with the lands to the devisees.
 

 The defendants
 
 Drury Jones
 
 and wife, being tenants in common with the defendant,
 
 Wesley
 
 ,Shermn, are ae«
 
 *393
 
 countable to this defendant for a moiety of tiic profits ma^e by the use of tlic common property.
 

 ■
 
 The plaintiff by accepting the appointment of administrator with the will annexed of the testator, has become a trustee for the defendant
 
 Polly Barham,
 
 to the same extent as if he had been nominated executor in the will, and had accepted of the appointment.
 

 The court has not been called on by the parties further than to declare its opinions upon these questions.— This declaration will be made, and the parties may then proceed as they shall be advised.
 

 Pee Curiam — Decree accordingly.