State on the Relation of EDWARD T. CLARK, administrator d. b. n. c. t. a. of Solomon G. Boone, deceased, v. R. W. PEEBLES, Administrator of John T. Peebles et al.

*Practice—Appeal—Statement of Case on Appeal—Assignment of Error—Sufficiency of Record—Trusteee—Executor—Administrator C. T. A.—Invalid Payments by Trustee.*

1. When the grounds of error appear sufficiently assigned in the record itself, without a statement of the case on appeal, this Court will consider and pass upon its merits.
2. Where an executor named in a will is thereby also appointed a trustee and renounces or dies, the administrator *cum testamento annexo* appointed in his stead succeeds to the trusteeship, and hence an appointment by the clerk of the Court of a trustee in place of the executor is void and clothes the appointee with no power.
3. In such case payments of the body of the trust fund made by the administrator *d. b. n. c. t. a.* to the *cestui que* trust (who was to receive the income only) and to the alleged trustee acting under the clerk's appointment were not valid payments, and the administrator *c. t. a.* is not entitled to credit therefor.

CIVIL ACTION, heard before *McIver, J.*, at May Term, 1895, of HALIFAX Superior Court, on exceptions to report of W. E. Daniel, referee. Both plaintiff and defendants appealed from the judgment rendered.

*Mr. Thos. N. Hill*, for plaintiff.
*Mr. R. B. Peebles*, for defendant.

PLAINTIFF'S APPEAL.

MONTGOMERY, J.: The defendants moved in this court to dismiss the plaintiff's appeal on the ground that there was

no statement of the case on appeal in this court. It is a fact that no such statement of the case, made out either by the judge or signed by the counsel of both sides, is here, as the general rule requires. The motion brings up the question whether or not this particular case falls within the exception to the general rule. The action was brought by the plaintiff as administrator *de bonis non* with the will annexed of Solomon Boone, against R. M. Peebles, administratrix of John T. Peebles, the said John T. having been before his death a former administrator *de bonis non* with the will annexed of Solomon Boone, and W. W. Peebles, a surety on the administration bond of the said John T. Peebles, for an account and settlement of the matters between the deceased administrator, John T. Peebles, and the estate of Boone.

The whole matter was referred to Walter Daniel to decide the matters of law and fact, including the pleas in bar. An account was to be stated, however the pleas in bar might be decided, the whole to be subject to the review of the judge of the Superior Court.

A half dozen or more different reports were made by the referee under various orders of the court, and to each one exceptions as numerous as leaves in Vallambrosa were made by both plaintiff and defendant. The whole of the evidence was returned as a part of the report, and each and every exception appears on the face of the record itself. There is nothing *dehors* the record which would aid this court in the least in passing upon the questions raised by the plaintiff's appeal: and it has been decided by this court in the case of *Brooks* v. *Austin*, 94 N. C., 222, that when the grounds of error appear sufficiently assigned in the record itself, without a statement of the case on appeal, this court will consider and pass upon its merits. The plaintiff did not print all of the evidence—not as much of it as he

should have done—but owing to the importance of the matters involved in the suit, the immense volume of manuscript and printed matter making up the case, the extraordinary amount of work which it seems the counsel on both sides have voluntarily imposed upon themselves (a large proportion of which it was unnecessary to have imposed upon us), we have concluded to take no exception to this failure to print the evidence by the plaintiff, especially as the defendant did not move to dismiss for failure to print, under rule 30 of this Court.

The referee in one of his reports allowed the defendant as a credit the sum of $200, which had been paid to Indiana Bristow and her husband, on December 21, 1875, with the interest on the same, which amounted to the sum of $184.69. He also allowed the defendant $100, paid to the said Bristow, March 7, 1876, and $97.07 interest thereon; and he also allowed the further sum of $150, paid to William Grant, May 31, 1875, and $143.50 interest thereon. His Honor, Judge Graves, sustained the referee, and in passing upon the report allowed the credits. The plaintiff excepted.

There was error in the ruling of His Honor. In his last will and testament the plaintiff's testator, Solomon Boone, bequeathed to his daughter Indiana, now Mrs. Bristow, an equal share in his property, with limitations as follows: "I desire that an equal share of my estate be allotted to my daughter Indiana Florence, and that it shall remain in the hands of my executors, that I shall herein and after mention, and that she shall be entitled to the incomes of said property yearly, during her life, and at her death if she shall have a lawful heir of her body begotten, I give said property to them and their heirs forever, if not to the rest of my children except my said executor shall think it necessary to spend any portion of said share in educating the said Indiana Florence, which I desire should have a good educa-

tion, and should the income of her share of my estate be insufficient for such purpose I desire done."

John T. Peebles, the intestate of the defendant, R. M. Peebles, upon his qualification as the administrator *de bonis non* with the will annexed of Boone, became the trustee of this fund for the benefit of Indiana and her children. *Jones* v. *Jones*, 17 N. C., 387; *Creech* v. *Grainger*, 106 N. C., 213; *Young* v. *Young*, 97 N. C., 132. He had no right to pay over to Mrs. Bristow any part of the body of this fund, and in doing so he became liable. The clerk of the court appointed William Grant a trustee for Mrs. Bristow to secure this fund, in the place of the executor named in the will, and who had refused to qualify as executor. He mistook his power when he made this appointment, and any payment made to him was not a valid payment. The law, as we have said, constituted the administrator *de bonis non*, with the will annexed, trustee of Mrs. Bristow.

It would be almost an impossible task for the court to specifically discuss each and all of the exceptions filed in this case, but we have spent a great deal of time and labor in the consideration of them, and we find no error, except the ones pointed out, that would cause us to recommit this case or to alter the judgment, except in the particular hereinafter stated. We will observe, by the way, that the amounts which the plaintiff undertook to collect in this action out of the defendants on account of rents which the administrator, John T. Peebles, received from the lands of the testator, could not be charged against the defendants in this action, and the referee was right in refusing to charge the defendants with them. It apears from the record that they (the rents) are the subject of another suit between the devisees under the will of Boone, the testator, and the defendant administratrix. Of course, no credit allowed in this action to the defendant will be

allowed in that suit as a counter claim to the plaintiff's demand.

The judgment of Judge McIver is affirmed in all respects, except that the share of Indiana Bristow, to-wit, $882.90, must not be deducted from the amount of the plaintiff's recovery, to-wit, $2648.70. That deduction was ordered in Judge McIver's judgment, because the judgment of Judge Graves allowed the defendant credit for the amounts paid by John T. Peebles, adm'r, &c., of Boone to Mrs. Bristow, and for the amount paid to William Grant, the alleged trustee, and we have said that that was error.

The judgment of Judge McIver will be reformed as we have herein indicated, and the share of Mrs. Bristow will be declared vested in the plaintiff in this action, to be held by him in trust for her and her children, under the conditions and terms set out in the will of her father, Solomon G. Boone.

Affirmed and modified.

CLARK, J., did not sit.

DEFENDANT'S APPEAL.

MONTGOMERY, J.: The exceptions of the defendant were properly overruled by the court below and, for the reasons set out in the opinion in the plaintiff's appeal, there was no error in the rulings of His Honor.

No error.

CLARK, J.: did not sit.