CAPE FEAR & NORTHERN RAILROAD CO. v. STEWART.

(Filed March 24, 1903.)

1. APPEAL—*Case on Appeal—Transcript—Record.*

It is not necessary to make out a statement of the case on appeal when the record proper shows the grounds of appeal.

2. APPEAL—*Exceptions and Objections—Judgments.*

An appeal is itself a sufficient exception to the judgment.

3. APPEAL—*Clerks of Courts—Superior Court—Jurisdiction—Eminent Domain—The Code, Secs. 1946, 252—Acts 1887, Ch. 276.*

Acts 1887, Ch. 276, does not authorize an appeal from a clerk of the superior court to a judge at chambers, in a proceeding to condemn land for railroad purposes, on exceptions to report of commissioners.

ACTION by the Cape Fear and Northern Railroad Company, against J. F. P. Stewart and others, heard by Judge W. S. O'B. Robinson, at Chambers, at GOLDSBORO, N. C., November 25, 1902. From a judgment for the plaintiff, the defendants appealed.

*H. E. Norris,* and *McLean & Clifford,* for the plaintiff.
*Stewart & Godwin,* and *T. M. Argo,* for the defendants.

MONTGOMERY, J. This is a proceeding begun before the clerk of the Superior Court of Harnett County for the condemnation of the defendant's land to the use of the plaintiff for railroad purposes. The commissioners appointed by the clerk acted under their appointment and made a report of their proceedings. Within 20 days thereafter the defendant filed exceptions to the report of the commissioners. One of the exceptions was to the inadequacy of the compensation for the land taken. The other exceptions we do not notice, for they seem to be dependent upon the proper construction of the pleadings. The clerk sustained the exceptions and set aside and rejected the report. The plaintiff appealed to the Judge of the Sixth Judicial District in Chambers and the

clerk sent up the appeal accordingly. The defendant excepted, insisting that the appeal should be taken to the court in term. Upon the hearing of the matter in Chambers, the exceptions to the report of the commissioners were overruled and the report in all respects confirmed, and the defendant appealed to this court. The plaintiff insists that the appeal must be dismissed for the reason that there is no statement of the case on appeal, nor were any exceptions filed to his Honor's ruling. It is not necessary to make out a statement of the case on appeal where the record proper, that is, the pleadings, the verdict and the judgment, show the grounds of error. *Clark v. Peebles,* 120 N. C., 31, and an appeal itself is an exception to the judgment.

It appears from the record proper that the judge in Chambers had no jurisdiction in the premises. In proceedings like the present, upon the filing of exceptions to the report and the determination of the same by the court, either party to the proceeding may appeal to the court at term, and thence, after judgment, to the Supreme Court. The Code, Sec. 1946.

The Act of 1887, Ch. 276, was not intended to abridge the jurisdiction of the Superior Courts, in term, nor to confer on the judge in Chambers any additional powers. That Act refers to civil actions and special proceedings begun before a clerk of the Superior Court and *for any ground whatever* sent to the superior Court before the judge, that is, in term. The power of the judge under that Act "to proceed to hear and determine all matters in the controversy in such action" clearly shows that the Act had reference to jury trials on issues of fact, as well as other matters. *Roseman v. Roseman,* 127 N. C., 494. That Act (1887, Ch. 276) was not intended to give a judge at Chambers any greater jurisdiction in appeals from the clerk than to pass upon an issue of law or legal inference. The Code, Sec. 252.

The matter before us must therefore be remanded to the Superior Court of Harnett County (the clerk), where the parties may take such steps in accordance with the law as they may deem proper.

Remanded.