S. L. WALLACE et al. v. R. H. SALISBURY et al.

(Filed 11 March, 1908).

1. Appeal and Error—No Case—Motion to Dismiss—Motion to Affirm.

A motion to dismiss because there is no case on appeal must be denied. The proper motion is to affirm the judgment below.

2. Same—No Case—Motion to Dismiss—Supreme Court—Inspecting Record—Ex Mero Motu.

When there is no motion to affirm the judgment below and the appeal is not properly constituted in the Supreme Court, it is the duty of the court, *ex mero motu*, to inspect the record proper for errors.

3. Same—Injunction—Case on Appeal—Exception to Judgment Below.

On appeal from an order granting or refusing an injunction, the pleadings and the affidavits constitute the record proper, and no "case on appeal" is necessary, as the facts are reviewable by the Supreme Court, and the mere fact of appeal is itself an exception to the only action of the Judge—the judgment.

**4. County Commissioners—License to Sell Liquor—Elections—Presumption of Validity Conclusive—Trial by Jury.**

There is a final and conclusive presumption in favor of the correctness of the result of an election as declared by the proper officials, until the issues raised by the pleadings have been tried and disposed of before the jury; and in the meanwhile an injunction will not lie against the county commissioners for the issuance of license to sell liquor, under allegations of defects and vital irregularities in an election held upon the question of prohibition, and denied by the answer.

CIVIL ACTION, appeal from order of *Lyon, J.,* made at chambers in WILSON, 4 February, 1908, dissolving a restraining order of plaintiffs.

Plaintiffs appealed.

*Winston & Everett* for plaintiffs.
*Stubbs, Gilliam & Martin* for defendants.

CLARK, C. J.  The motion to dismiss because there is no case on appeal must be denied, even in appeals in which there should be a case on appeal. *Non constat,* but there may be errors on the face of the record proper; hence the proper motion is to affirm the judgment below, and, if this motion is not made, it is the duty of the court, *ex mero motu,* to inspect the record proper for such errors. *Hicks v. Westbrook,* 121 N. C., 131; *Barrus v. Railroad, ib.,* 505, and very numerous other cases collected in Clark's Code (3d Ed.), pp. 769, 770.

But, indeed, on appeal from an order granting or refusing an injunction, no "case on appeal" is necessary, as the pleadings and affidavits constitute the record proper, since the facts are reviewable by this Court, and the appeal is itself an exception to the only action of the Judge, *i. e.,* the judgment. *Hamilton 'v. Icard,* 112 N. C., 593.  If any part of the affidavits or pleadings is not sent up, either party can always move for a *certiorari* to supply the missing part of the record. In equity proceedings the affidavits are a part of the record.

No "case on appeal" is necessary, and the appeal from the judgment is a sufficient exception and assignment of error likewise, when the judgment below is rendered upon a case agreed or upon a demurrer, and for the same reason as when the judgment grants or refuses an injunction to the hearing, or a temporary injunction, *i. e.,* the judgment which is rendered upon the record proper is the only error assignable or possible. *Chamblee v. Baker,* 95 N. C., 98; *Davenport v. Leary, ib.,* 203; *Greensboro v. McAdoo,* 112 N. C., 360; *Clark v. Peebles,* 120 N. C., 32; *Railroad v. Stewart,* 132 N. C., 249.

This is an action by certain citizens and residents of Jamesville against the Commissioners of Martin County, alleging defects and vital irregularity in an election held in the town of Jamesville upon the question of prohibition, the result of which election had been declared and duly certified to be in favor of saloons, and that license had been issued to certain parties accordingly. The plaintiffs ask to have the election declared void and that the defendants be restrained in the meantime from issuing licenses. The answer squarely denies the allegations touching the validity and regularity of the election. The Judge properly dissolved the temporary restraining order. The question as to the validity of the election is presented by this direct attack upon it, and is triable before a Judge and jury. But in the meantime the presumption in favor of the correctness of the result of the election, as declared by the proper officials, is final and conclusive until reversed by the judgment of the court, after trial of the issues in this proceeding brought to impeach it. *Bynum v. Commissioners,* 101 N. C., 414, and cases there cited.

Affirmed.