GEORGE C. McLARTY v. GEORGE URQUHART.

(Filed 2 November, 1910.)

1. Superior Court—Equitable Powers.

The Superior Court still possesses all the powers and functions of a court of equity which it had prior to 1868, though the method of finding facts has been changed.

2. Same—Mortgages—Powers of Sale Specified.

A mortgagee may invoke the aid of the courts in foreclosing his equity of redemption instead of resorting to the power of sale contained in the mortgage, and irrespective of the terms therein expressed as to the method of advertisement, the court thus acquiring jurisdiction of the parties and the *res*, has full power to direct a sale of the property upon such terms as to advertisement and the like as appears best, and to make all proper orders and decrees.

3. Same—Order of Sale—Modification—Imposed Terms.

The mortgagee elected to invoke the equitable jurisdiction of the court to foreclose his mortgage, and at the sale decreed the mortgagor appeared and gave notice of a motion he would enter to set aside the order thereof, upon the ground that it was required by the terms of the power of sale, expressed in the deed, that advertisement should likewise be made in *The New York Herald*. It appeared that this additional advertisement would cost from $300 to $500, and that the property would not bring the mortgage debt. *Held*, not error for the lower court to refuse to modify the order of sale except upon condition that the mortgagor, by a certain day, pay to the commissioner a sum sufficient to pay for the additional advertisement.

Appeal from *W. R. Allen, J.,* at the August Term, 1910, of Union.

Action to foreclose a mortgage or deed in trust.

The defendant excepted to the decree of foreclosure as to certain particulars and appealed.

*Adams & Armfield* for the plaintiff.
*A. H. Price* for defendant.

Brown, J.   The only question presented is, whether an action to foreclose a mortgage of realty, containing a power of sale, the court must follow the terms contained in the power, in making an order of sale, or can the court, in the exercise of its equitable jurisdiction, determine the terms of sale and the manner of advertising in accordance with the practice and procedure of the court?

The mortgage provides, in case of default, that the mortgagee may sell after thirty days' advertisement in a newspaper published in Union County, and in the *New York Herald,* published in New York City.   Instead of exercising the power of sale, the plaintiff, as mortgagee, commenced his action in the Superior Court of Union County, N. C., and served the summons by publication, and at a regular term of court took a judgment against the defendant directing a sale of the land by advertising in the *Monroe Enquirer,* a newspaper published in Union County.   The defendant subsequently appeared, after being notified of the day of sale, and forbade the sale, and gave notice of a motion to set aside the order directing a sale of the land.   At the hearing of his motion Judge Allen refused to modify the order of sale, so as to require an advertisement in the *New York Herald,* unless the defendant would, before the first of November, pay to the commissioner a sufficient amount to cover the cost of advertising the sale in the *New York Herald.* The land is not worth and will not bring on the market an amount sufficient to pay plaintiff's debt.   The cost of advertising in the *Herald* will be from $300 to $500.

The Superior Court still possesses all the powers and functions of a court of equity which it possessed prior to 1868.   The

method of finding facts has been changed, but none of the powers of the court have been abridged.

One of the important powers of a court of equity, existing almost from time immemorial, is to direct and control sales made by its order and under its authority, through a commissioner of its own appointment.

This jurisdiction exists as well for the protection of the mortgagor as for the benefit of the mortgagee.

For a long time there was no such power recognized as a power of sale in a mortgage whereby the mortgagee or trustee could foreclose the equity of redemption without the aid of a court of equity. For a time such power was looked upon with suspicion and was yielded to with much hesitation because it is an economical method of foreclosing a mortgage.

Notwithstanding the power, the mortgagee may invoke the aid of the court in foreclosing the equity of redemption instead of resorting to the power. Likewise in case of complications, the mortgagor has frequently resorted to the courts for protection and compelled foreclosure under their protection. *Capehart v. Biggs,* 77 N. C., 261; *Kornegay v. Spicer,* 76 N. C., 96; *Whitehead v. Hellen,* 76 N. C., 99; *Kidder v. McIlhenny,* 81 N. C., 131; *Manning v. Elliott,* 92 N. C., 51, are precedents in point.

This plaintiff preferred to seek aid of the court to foreclose instead of pursuing the power contained in the instrument. Had he pursued the latter he must follow its provisions substantially, but the court is not bound to follow them. Its power to foreclose is not derived from the power of sale in the mortgage. It could decree foreclosure if the instrument contained no such power.

Having by this action acquired jurisdiction of the parties and the *res,* the Superior Court had full power to direct a sale of the property upon such terms as to advertisement and the like as appeared best, and to make all proper orders and decrees, although if the mortgage stipulated for a sale for cash the court would give effect to that contract of the parties. *Manning v. Elliott,* 92 N. C.

In this last case it is said: "The court was not bound to direct

a sale of the property in strict accordance with the terms pre-scribed in the deed. In this respect it ought to exercise a sound discretion, having due regard, under the circumstances of the case, for the rights of the debtor and creditors respectively."

It would seem that an expensive advertisement in the *New York Herald* would be of no value to either party, but if the defendant thought so, the court gave him the opportunity if he saw fit to embrace it.

The order appealed from is
Affirmed.