AMERICAN SODA FOUNTAIN COMPANY v. O. P. SCHELL.

(Filed 11 December, 1912.)

1. Claim and Delivery—Judgment—Interest—Questions for Jury—Interpretation of Statutes—Practice.

Under a contract reserving title in the seller, the plaintiff brought claim and delivery proceedings for a balance due on the purchase price and interest, and the defendant denied plaintiff's title, alleged a want of consideration, and claimed damages arising from a breach of warranty. The jury found that defendant owed the plaintiff $840 on his outstanding notes given for the purchase, and that he had been damaged by breach of plaintiff's warranty in a certain amount: *Held*, in proceedings of this character, interest is not allowed as a matter of law, and upon the jury's finding, the defendant was only chargeable with interest on the $840 from the date of the judgment. If the trial court had been in doubt as to verdict's bearing interest on the notes, he should have referred the matter back to the jury. Revisal, 552.

2. Appeal and Error—Assignments of Error—Motions—Judgments.

It is not necessary for the record on appeal to contain appellant's assignments of error when the appeal is only from the judgment entered, and a motion to dismiss the appeal and to affirm the judgment of the lower court, on that account, will be denied.

APPEAL by defendant from *Webb, J.,* at Special March Term, 1912, of HARNETT.

160—34

*R. L. Godwin* for plaintiff.

*J. C. Clifford, E. F. Young,* and *N. A. Townsend* for defendant.

CLARK, C. J. This was an action for claim and delivery of a soda fountain, the plaintiff claiming title by reason of the possession of notes, reserving title to the seller, on which it alleged that there was a balance due of $871.50, with interest from April, 1909. Defendant denied plaintiff's title, alleging a breach of warranty and failure of consideration and a counter-claim for damages arising out of said breach of warranty in the sum of $2,062.84. The jury found:

1. That the defendant was indebted to the plaintiff on account of his notes executed to the plaintiff and outstanding, $840.

2. That plaintiff warranted the soda fountain;

3. That it did not come up to the warranty, and

4. That by failure of the soda fountain to come up to said warranty the defendant had sustained damages, $1,262.84;

5. That the plaintiff was the owner and entitled to possession of the property; and

6. That at the time of the seizure the soda fountain and fixtures were worth nothing to the defendant.

The court entered judgment that the plaintiff was the owner and entitled to the recovery of the property, but instead of deducting the $840 awarded the plaintiff in the first issue from the $1,262.84 awarded the defendant in the fourth issue, the court added interest on the $840, *i. e.,* $149, making a total of $989, and entered judgment in favor of the defendants for $273.84 only. The defendant excepted and appealed.

The only question presented is whether upon the answer to the first issue, "In what amount, if any, is the defendant indebted to plaintiff on account of his notes now outstanding? Answer: $840," this judgment is correct.

We think the court erred in allowing the plaintiff $149 interest. It is true that in an amendment to the complaint the plaintiff averred that there was a balance of $871.50 due on the notes for the purchase money. It does not appear in the record that there was any denial in the answer. But presumably the alle-

gation was taken as denied, because the first issue was submitted without objection, and the verdict was that the defendant was indebted to the plaintiff "on account of his notes executed to the plaintiff and outstanding, $840." *Prima facie,* the jury find that $840 was the balance due the plaintiff at the date of the verdict. The judgment on such verdict should bear interest from the date of the judgment. It is not like a note that is found or admitted to be due and on which the interest is calculated according to the tenor of the note. Revisal, 1952. Here there are several notes, and the plaintiff averred that the amount due on them was $871.50, with interest from 1 April, 1909. The jury did not accept that contention, but fixed the amount due "on account of the notes" at $840, which was presumably the balance due, calculating interest up to date and allowing credits. If there was any doubt, his Honor should have referred the matter back to the jury to make it plain. Revisal, 552, provides that when a "verdict is found for the recovery of money, the jury must assess the amount of the recovery."

Besides, this was an action for claim and delivery, and in such cases interest is not allowed as a matter of law. *Patapsco Co. v. Magee,* 86 N. C., 350.

The motion to dismiss the appeal because there is no assignment of error, and the motion to affirm because there is no case on appeal, must be denied. The appeal being from the judgment alone, neither is necessary. *R. R. v. Stewart,* 132 N. C., 248; *Wallace v. Salisbury,* 147 N. C., 60.

Judgment should have been entered upon the verdict in favor of the defendant for $422.84 by deducting the $840 found to be due to plaintiff on the first issue from the $1,262.84 found to be due the defendant on the fourth issue.

Reversed.