MARY DAIL DIXON AND HER HUSBAND, J. W. DIXON, v. N. W. OSBORNE, W. B. NEWCOMBE AND SEABOARD CITIZENS NATIONAL BANK.

(Filed 21 October, 1931.)

1. **Appeal and Error F a—Only assignments of error supported by exceptions will be considered on appeal.**

   Where there are no exceptions stated in the case on appeal, appearing of record, to support assignments of error, the assignments of error will not be considered on appeal.

2. **Mortgages H g—Decree of foreclosure directing that commissioner report sale to clerk for confirmation is irregular.**

   A decree of foreclosure is an exercise of the equitable jurisdiction of the Superior Court, and the confirmation of the sale under the decree involves the exercise of judicial discretion, and it would seem that the clerk of the Superior Court does not have jurisdiction to order the confirmation of a sale under such decree although the decree specifies that the commissioners appointed by the court should report to the clerk, the clerk having only such jurisdiction as is given him by statute, but in this case the question is not presented, there being no exception appearing of record in regard thereto.

**3. Appeal and Error E h—Appeal is an exception to judgment and to matters appearing upon face of record.**

　　An appeal to the Supreme Court is itself an exception to the judgment and to any other matters appearing upon the face of the record.

**4. Courts A c—Upon appeal from clerk it is error for Superior Court judge to dismiss appeal and affirm order appealed from.**

　　Where upon appeal from the clerk the judge of the Superior Court dismisses the appeal he is without further jurisdiction to consider the matter, and after dismissal it is error for him to affirm the order appealed from, and upon appeal to the Supreme Court the action will be remanded.

APPEAL by plaintiffs from *Grady, J.,* at May Term, 1931, of WAKE. Error and remanded.

This action, begun on 3 February, 1930, was to restrain the sale of the land described in the complaint, under the power of sale contained in a deed of trust executed by the plaintiffs to secure their notes or bonds now held by the defendants, N. W. Osborne and W. B. Newcombe. At February Term, 1930, a judgment and decree was entered by consent. It was adjudged therein that defendants recover of the plaintiffs the sum of $13,500, with interest from 5 March, 1930. It was ordered, considered and decreed that said judgment was a lien upon the land described in the complaint, and if plaintiffs failed to pay said judgment on or before 1 January, 1931, the commissioners appointed by the court should sell said land, and report their sale to the court for confirmation. Upon plaintiffs' default in the payment of said judgment on 1 January, 1931, the commissioners, after advertisement, sold the land as directed by the court on 23 February, 1931. This sale was reported to the court and because of defects in the publication of the notices of sale, was not confirmed. At March Term, 1931, there was a decree, directing the commissioners to sell the land at the courthouse door in Wake County on 4 May, 1931, and to report said sale within ten days to the clerk, or to the assistant clerk of the Superior Court of Wake County, for confirmation. On 5 May, 1931, the commissioners filed their report showing that they had sold the land as directed by the court. Plaintiffs filed objections to the confirmation of this sale. These objections were heard by the assistant clerk of the court, who overruled the same, and on 16 May, 1931, confirmed the sale and ordered the commissioner to convey the land to the purchasers. From the order of the assistant clerk of the court, plaintiffs appealed to the judge holding the Superior Court of Wake County.

This appeal was heard by Judge Grady, at May Term, 1931, of the Superior Court of Wake County, who rendered judgment as follows:

---

DIXON v. OSBORNE.

---

"This cause coming on to be heard on 26 May, 1931, A.D., before his Honor, Henry A. Grady, judge of the Superior Court, holding the Superior Courts of Wake County, upon appeal from an order signed by E. Lloyd Tilley, assistant clerk of the Superior Court of Wake County, confirming the sale of the lands described in this action and the deed of trust recorded in Book 509, page 162, records of Wake County, said sale having been made under two judgments, by Paul F. Smith and W. L. Spencer, commissioners, to N. M. Osborne and W. B. Newcombe, the highest bidders, on 5 May, 1931, at public auction, at the court-house door, after notice and publication as required in said judgments of this court;

And the said assistant clerk of this court having confirmed the said sale by an order of this court; and the said Mary Dail Dixon and her husband, J. W. Dixon, having appealed from this order; and the matter having been fully heard on the day above mentioned by the said judge of the Superior Court; said Dixon and wife being represented by Donald R. Jackson, their attorney, and the said N. M. Osborne and W. B. Newcombe, being represented by their attorney, Jos. B. Cheshire, Jr.;

And the said court having given the said Dixon and wife until Friday, 29 May, 1931, to secure a better bid on the property; and no such bid having been secured or reported to the judge of this court as required by him; and the court finding it a fact that the objections and exceptions made by the said Dixon and wife to the said sale and to the said order confirming same, are without merit:

Now, therefore, it is hereby ordered and adjudged by the court as follows:

1. That the appeal from the order of the assistant clerk of this court confirming the said sale, said appeal having been entered by the said Dixon and wife, be and the same is hereby dismissed.

2. That the said sale by Paul F. Smith and W. L. Spencer, commissioners, and order of the assistant clerk of this court confirming same, be and the same are hereby approved and confirmed."

From this judgment, plaintiffs appealed to the Supreme Court.

*N. Y. Gulley, F. C. Harding and D. R. Jackson for plaintiffs.*
*Joseph B. Cheshire, Jr., for defendants.*

CONNOR, J. The only assignment of error which can be considered on this appeal is that based upon the exception to the judgment in this action at May Term, 1931. There are no exceptions stated in the case on appeal, appearing in the record, to support the other assignments of

error relied upon by the plaintiffs. These assignments of error, therefore, cannot be considered on this appeal. Only exceptions taken at the trial or assigned in the case on appeal will be considered by this Court. *Howell v. R. R.,* 186 N. C., 239, 119 S. E., 198; *Rawls v. R. R.,* 172 N. C., 211, 90 S. E., 116; *Worley v. Logging Co.,* 157 N. C., 490, 73 S. E., 107.

We have not considered, for the purpose of deciding whether it is valid or not, the contention of the plaintiffs that the provision in the judgment in this action at March Term, 1931, that the commissioners appointed by the court in the judgment at February Term, 1931, to sell the land described in the complaint, should report the sale made by them to the clerk or the assistant clerk of the court, for confirmation, is void, and that for this reason the confirmation of the sale made by the commissioners on 5 May, 1931, contained in the order of the assistant clerk dated 16 May, 1931, is likewise void. This contention is not presented on the record in this appeal. It has been held, however, by this Court that a decree for the sale of land in an action to foreclose a mortgage or deed of trust should direct the commissioner appointed by the court to make the sale, to report the sale to the court, for confirmation, before conveying the land to the purchaser. In *Mebane v. Mebane,* 80 N. C., 34, referring to the judgment in that case, *Smith, C. J.,* says: "No report of the sale is required to be made to the court in order that it may be set aside or confirmed, and title ordered, but this is left to the uncontrolled discretion of the commissioner. This is entirely at variance with the nature of judicial sales. The commissioner acts as agent of the court, and must report to it all his doings in execution of its order. The bid is but a proposition to buy, and until accepted and sanctioned by the court, confers no right whatever upon the purchaser. The sale is consummated when that sanction is given and an order for title made and executed. This power will not be delegated to the agent who exposes the property to public biddings, 2 Jones Mort., sections 1608, 1637; Rover on Jud. Sales, 55, 58." In that case a judgment vacating the sale which had not been confirmed by the court was affirmed. The foreclosure of the deed of trust in the instant case was by a decree of the court, and not under the power of sale contained in the deed of trust. The decree was made by the court in the exercise of its equitable jurisdiction. This jurisdiction exists as well for the protection of the mortgagor as for the benefit of the mortgagee. *McLarty v. Urquhart,* 153 N. C., 339, 69 S. E., 245. It is certainly irregular, and not in accordance with the practice in this State, for the court in an action to foreclose a mortgage or deed of trust to direct or authorize the commissioner appointed by the court to sell the property conveyed by the

mortgage or deed of trust to report the sale to the clerk of the court, for confirmation. Whether an order of confirmation made by the clerk, under a provision in the judgment or decree of the court directing the commissioner to report the sale to the clerk for confirmation, is valid, is at least doubtful. It has been uniformly held that the clerk of the Superior Court has no equitable jurisdiction. *McCauley v. McCauley,* 122 N. C., 288, 30 S. E., 344. His jurisdiction is altogether statutory. See *In re Wright Estate,* 200 N. C., 620, 158 S. E., 192. As the confirmation of a judicial sale involves the exercise of judicial discretion, it would seem that only the judge has the power to confirm a sale under a decree of the court, and that an order confirming the sale signed by the clerk of the court, although authorized by the decree so to do, is void and without effect.

Plaintiffs contend that there is error in the judgment in this action rendered at May Term, 1931. This contention is presented by their appeal from the judgment. It has been uniformly held by this Court that an appeal is itself an exception to the judgment and to any other matter appearing on the face of the record. *Casualty Co. v. Green,* 200 N. C., 535, 157 S. E., 797; *Parker Co. v. Bank,* 200 N. C., 441, 157 S. E., 419; *Wallace v. Salisbury,* 147 N. C., 58, 60 S. E., 713; *R. R. v. Stewart,* 132 N. C., 248, 43 S. E., 638; *Baker v. Dawson,* 131 N. C., 227, 42 S. E., 588; *Wilson v. Lumber Co.,* 131 N. C., 163, 42 S. E., 565; *Delozier v. Bird,* 123 N. C., 689, 31 S. E., 834; *Reade v. Street,* 122 N. C., 301, 30 S. E., 124; *Clark v. Peebles,* 120 N. C., 31, 26 S. E., 924.

The judge holding the May Term, 1931, of the Superior Court of Wake County heard this action on plaintiffs' appeal from an order of the assistant clerk of said court. After the appeal was dismissed, it was error for the judge to confirm the order of the clerk, and also the sale made by the commissioners on 5 May, 1931. Having dismissed the appeal, the judge was without jurisdiction to further consider the matter.

The action is remanded to the Superior Court in order that plaintiffs' appeal may be heard by the judge, and decided on plaintiffs' exceptions to the order of the assistant clerk.

Error and remanded.