ORANGE COUNTY v. GEORGE D. ATKINSON AND WIFE, MRS. GEORGE D. ATKINSON (AND C. M. CATES, LIENHOLDER, AND MYRON PERRY LLOYD AND WIFE, MAE HOLMES LLOYD, ADDITIONAL PARTIES DEFENDANT).

(Filed 28 January, 1935.)

1. **Appeal and Error F b—Exception to signing of judgment presents question of sufficiency of agreed facts to support judgment.**

Intervenors, the trustee and holder of notes secured by the deed of trust, moved to set aside foreclosure of the tax-sale certificate against the property for irregularities in that the sale was not held on the proper day under the provisions of the statute. Judgment was entered on the agreed facts denying the motion. Movants excepted for that the court signed the judgment: *Held,* the exception presents the question of whether the judgment was supported by the facts agreed, and it appearing of record that movants had not been made parties to the foreclosure of the tax-sale certificate, judgment is reversed for that the facts found and admitted are not sufficient to support it.

2. **Appeal and Error J g—**

The judgment denying motion to set aside foreclosure of tax-sale certificate being reversed for irregularity in that holders of registered liens were not made parties, the exception based upon the ground that the sale was not had on the proper day under the provisions of the statute need not be considered.

**3. Taxation H b—**

> Where the trustee and holders of notes secured by registered deed of trust against the property are not made parties to the foreclosure of the tax-sale certificate, they may intervene and make motion in the cause to set aside the tax foreclosure for such irregularity.

APPEAL by defendant C. M. Cates, from *Cranmer, J.,* at October Term, 1934, of ORANGE. Reversed.

"Agreed statement of facts: The above-entitled action was brought in the Superior Court of Orange County to foreclose a tax certificate held by the plaintiff on property situated in Orange County and listed for taxes in the name of George D. Atkinson. C. M. Cates has duly been made a party defendant for the purpose of making a motion to set aside the sale of the property on the grounds that same is irregular, and should therefore be declared void. The parties to this motion, through their counsel, have agreed that the following are the true facts relative to said proceeding, and hereby move the court to render judgment on these facts: (1) That on 2 December, 1930, the plaintiff Orange County instituted an action to foreclose a tax certificate held by it against the lands listed in the name of George D. Atkinson, and on said date summons was issued and thereafter duly served upon the defendants George D. Atkinson and wife. That complaint was filed on 4 December, 1930, alleging the nonpayment of taxes assessed against the lands described therein for the year 1928 in the sum of $15.70, demanding judgment for said amount and the foreclosure of the tax certificate by the sale of said lands.

"(2) That no answer was filed by the defendants George D. Atkinson and wife, and on 1 June, 1931, an interlocutory judgment was entered by the clerk for the recovery of said sum of $15.70 and an order of the sale of the said lands as follows, to wit: 'And the same be and they are hereby condemned to be sold under the direction of this court for the purpose of applying the proceeds thereof on said debt, interest and cost, and Bonner D. Sawyer is hereby appointed commissioner to sell said land at public auction at the courthouse door in Hillsboro, N. C., to the highest bidder for cash, after having posted a notice of sale at the courthouse door and three public places in Orange County thirty days prior to said sale, and by publishing a notice thereof once a week for four successive weeks immediately preceding said sale in some newspaper published in Orange County, and report the said sale to this court immediately; said sale may be had on any day except Sunday.'

"(3) That the said land was sold by the commissioner on Monday, 13 July, 1931, for the sum of $120.00, and report of sale made on that date. That thereafter, and within the time allowed by law, an upset bid was placed upon said land and paid into the office of the clerk.

"(4) That on 3 August, 1931, an order was entered by the clerk as follows: 'Now, therefore, it is ordered, considered, and adjudged that Bonner D. Sawyer, commissioner, advertise said land for resale 15 days in some newspaper published in Orange County, as prescribed by law.' That pursuant to said order, the commissioner advertised the said land and resold same on Monday, 24 August, 1931, and filed his report on said date. That at said sale J. W. Bennett and J. F. Thompson became the last and highest bidders in the sum of $135.00.

"(5) That said sale was confirmed by the clerk on 7 September, 1931, and the commissioner ordered to execute a deed to the purchasers at the sale. That on 9 September thereafter the said J. W. Bennett and J. F. Thompson, in writing, assigned their bid to Myron Perry Lloyd and Mae Holmes Lloyd, and same was filed in the office of the clerk. That on said 9 September, 1931, the commissioner executed and delivered to the said assignees a deed for the said land, same now being of record in Book of Deeds No. 92, at page 220, office of the register of deeds of Orange County.

"(6) That C. M. Cates, at the time of the institution of this action, was and is the holder and owner of a deed of trust on said land, and the same is a subsisting lien thereon, as set forth in his verified motion filed herein. Respectfully submitted and agreed, Giles & Giles, attorneys for C. M. Cates. Graham & Sawyer, attorneys for Orange County."

The judgment in the court below was as follows: "This cause coming on to be heard on appeal from the clerk, before his Honor, E. H. Cranmer, judge holding the courts of the Tenth Judicial District, at this October Term of Orange County Superior Court, upon motion of C. M. Cates, who holds a deed of trust and note on the land previously sold for taxes, and it appearing to the court that the parties, through their counsel, have agreed on the facts involved, and that the only question in controversy is the validity of the sale of the property on any Monday in any month, or whether the same should have been sold on the first Monday or the first three days of the term of court; the court is of the opinion, and so holds, that said sale was properly held, and the motion of C. M. Cates is hereby denied. E. H. Cranmer, Judge presiding."

The exception and assignment of error made by C. M. Cates is as follows: "The court signed the judgment as appears in the record, and the appellant assigns the same as error," and appealed to the Supreme Court.

*Graham & Sawyer for plaintiff.*
*Giles & Giles for C. M. Cates.*

CLARKSON, J. From the agreed statement of facts and C. M. Cates' verified motion, the record shows the following: "C. M. Cates has been

duly made a party defendant for the purpose of making a motion to set aside the sale of the property on the grounds that the same is irregular, and should therefore be declared void." From the view we take of this case, we think it immaterial on which day the sale was held. The sale was void as to C. M. Cates. The judgment in the court below recites that the decision was based on whether the sale was made on a proper day under the statutes, and held that it was. C. M. Cates excepted and assigned error that "the court signed the judgment as appears in the record," and appealed to the Supreme Court.

In *Wilson v. Charlotte,* 206 N. C., 856 (858), it is said: "The only assignment of error in the case at bar is to the 'signing of the judgment, . . . having duly excepted to the signing of said judgment.' If said assignment merely refers to the act of signing the judgment, it presents no question of law for review. But, upon the other hand, if it be treated 'as an exception to the judgment, it presents the single question whether the facts found or admitted are sufficient to support the judgment.' *Mfg. Co. v. Lumber Co.,* 178 N. C., 571."

On the face of the record, there was irregularity in the judgment as to C. M. Cates, it was void. The facts found and admitted are not sufficient to support the judgment. *Dixon v. Osborne,* 201 N. C., 489.

It is found in the agreed statement of facts: "(6) That C. M. Cates, at the time of the institution of this action, was and is the holder and owner of a deed of trust on said land, and the same is a subsisting lien thereon, as set forth in his verified motion filed herein."

The defendant George D. Atkinson owned a certain tract of land in Orange County, N. C. For the year 1928 taxes were assessed against the land in the name of Atkinson in the sum of $15.70. The land was foreclosed and sale confirmed for the nonpayment of the tax. The land was purchased by J. W. Bennett and J. F. Thompson for the sum of $135.00. They assigned their bid to Myron Perry Lloyd and Mae Holmes Lloyd, and deed was duly made to them by the commissioner.

The land was encumbered with a deed of trust to J. A. Giles, trustee for C. M. Cates, for purchase price of $2,250.00 for the land. The deed of trust was dated 19 January, 1924, and duly recorded in Book of Mortgages No. 70, page 17, register of deeds' office for said county. In the foreclosure proceeding neither C. M. Cates nor J. A. Giles, trustee, were made parties to the action.

The question involved: Can the purchasers obtain, in the foreclosure action for the 1928 tax of $15.70, a title free and clear of the lien of $2,250 without making C. M. Cates, or the trustee, J. A. Giles, a party to the foreclosure action, and without notice and opportunity given them or either of them to be heard? We think not. *Beaufort County v.*

*Mayo, ante,* 211. In the *Beaufort County case* this matter was given careful and thorough consideration. A petition to rehear was filed and dismissed on 10 January, 1935. In the petition and motion of C. M. Cates to be made a party and opportunity given him to be heard is the following: "That the said C. M. Cates stands ready, able, and willing to pay the said taxes for 1928, and all taxes rightly due and owing on the said lands, and hereby tenders said taxes."

In accordance with the above, all the taxes for 1928 and subsequently rightly due and owing on the land to Orange County must be paid. The *Beaufort County case, supra,* was not decided until 31 October, 1934, after the present case was heard in the court below.

For the reasons given, the judgment of the court below is

Reversed.