MRS. BERTIE T. GOWER AND HER HUSBAND, F. G. GOWER, v. TOWN OF CLAYTON AND R. U. BARBER, SHERIFF OF JOHNSTON COUNTY.

(Filed 1 February, 1939.)

**1. Taxation § 41—In action against taxing unit to redeem land, plaintiffs must pay all taxes due to date.**

In an action against a municipality to redeem land which had been purchased by the municipality upon foreclosure in its tax action, plaintiffs must pay the amount of taxes, penalties and interest, charged against the land to date, C. S., 8037, and tender of taxes, penalties and interest for the years for which tax foreclosure was instituted, without tender of taxes levied in years subsequent thereto, is insufficient to entitle plaintiffs to enjoin the issuance of a writ of assistance in favor of the municipality for possession of the property under its tax deed.

**2. Appeal and Error § 43—**

Petition to rehear this case, reported in 214 N. C., 309, is allowed, it appearing that the action was one to redeem land from tax foreclosure, and so much of the former opinion not necessary to this decision is declared *dicta.*

Petition by defendant town of Clayton to rehear this case, reported in 214 N. C., 309.

*J. A. Narron, J. M. Broughton, and Wm. H. Yarborough, Jr., for plaintiffs, appellants.*
*Ed. F. Ward and Abell & Shepard for defendants, appellees.*

Winborne, J.   Defendant town of Clayton, in petition filed, among other things, contends, in substance: That the purpose of plaintiffs in this action is for redemption of the land in question upon the payment of taxes for the years 1928 to 1932, both inclusive, to which the tax foreclosure suit relates by requiring the town to accept same in lieu of payment of all taxes due on said land for the years 1928 to 1937, both inclusive, which the town demands; and that the injunction against the writ is auxiliary to that purpose.

Thereupon the town contends that under C. S., 8037, as amended, after the institution of the tax foreclosure action by the town, the plaintiffs have no right of redemption, except upon the payment of the "full tax, interest and other sums and all cost and allowances."

Referring to the complaint: after alleging that *feme* plaintiff is the owner of the land in question, it is alleged: That under date of 30 September, 1935, defendant town of Clayton instituted an action in the Superior Court of Johnston County against the Ashley Horne estate and others, to which plaintiffs were not parties, for the collection of taxes on said land alleged to be due said town for the years 1928 to 1932, both inclusive, in the total amount of $1,054.58, plus interest and penalties; that plaintiffs have tendered to town of Clayton $1,288.70 in full payment of taxes, penalties and interest against the said property for the years referred to, in accordance with statement furnished by town of Clayton, and have tendered payment of costs of the tax suit upon receipt of statement therefor; that tender was refused by the town; and that notwithstanding the tender, and in pursuance of said proceeding and by virtue of order by the clerk of the Superior Court, on 12 May, 1938, the town is threatening to evict the plaintiffs from possession of the premises on which they have made valuable improvements, and if evicted they will suffer irreparable loss.   Thereupon, plaintiffs pray that a restraining order issue against writ for their eviction and "that it be further adjudged herein that the defendant shall accept the said amount heretofore tendered by the plaintiff, which tender is herewith renewed, in settlement of the taxes for the years herein referred to and involved in the said suit."

In the judgment below the court, after making certain findings with respect to title and to the tax foreclosure proceeding, not here necessary

to be stated, finds that the plaintiffs renewed their tender and requested judgment of the court that the town be required to accept payment of the same, and upon such payment to cancel the liens of the taxes for the years 1928 to 1932, both inclusive, and to cancel the deed obtained by said town under the foreclosure in the tax action, in so far as the property in this action is involved; and that the town in open court agreed, upon payment of all taxes, penalties and costs due the town on said property, to execute a deed to plaintiffs therefor, or to consent to order of the court to set aside and cancel the judgment and deed had in the tax foreclosure suit in so far as it may affect plaintiffs' title thereto, but refused to accept the tender of plaintiffs. "The court being of the opinion that all taxes due the town of Clayton as aforesaid to date, plus penalties and costs, should be paid, and the plaintiffs having refused to pay the same," adjudged that the town of Clayton is the owner of the land in question and dissolved the injunction to the end that writ might be executed.

Further consideration and review of the complaint and the judgment of the court below lead us to the conclusion that the only question in dispute between the parties, and which was decided by the court below, relates to the amount plaintiff should be required to pay to defendant town of Clayton to redeem the land in question, that is, that the action is one for redemption.

C. S., 8037, as amended, provides: ". . . After the institution of the action by counties or municipalities, the taxpayer shall have no right of redemption except upon payment of the full tax, interest and other sums, and all costs and allowances . . ." Public Laws 1927, ch. 221.

This Court has, in considering judgments in tax foreclosure suits, approved the inclusion of taxes levied in years subsequent to the years to which the actions specifically relate. *New Hanover County v. Whiteman,* 190 N. C., 332, 129 S. E., 808; *Orange County v. Adkins,* 207 N. C., 593, 178 S. E., 91.

The ruling that plaintiff should pay all taxes due to town of Clayton on the land in question to date is proper. Hence, as a condition precedent to invoking the equitable relief of injunction against the writ of assistance, it is incumbent upon the plaintiffs to pay the taxes in accordance with that ruling. The plaintiff having failed to do so, the temporary injunction should have been dissolved.

The opinion here expressed reduces to *dicta* so much of the former opinion as is not necessary to this decision.

Petition is allowed and judgment below is

Affirmed.