52 579
106 505

## SCOTT v. WINNESHIEK COUNTY.

1. **County:** LIABILITY FOR CARE OF PAUPER: MEDICAL ATTENDANCE. The words "medical attendance," as used in section 1361 of the Code, are not restricted in their meaning to the professional attendance of a physician, but may include nursing and watching. Where the plaintiff and his family cared for a pauper who was sick and helpless and required constant attendance, it was held that his recovery from the county was not limited by said section to two dollars per week.

*Appeal from Winneshiek Circuit Court.*

WEDNESDAY, DECEMBER 10.

ACTION on account for twenty-four dollars for nursing, washing, and boarding furnished to a pauper for four weeks, upon the order of the township trustees. The defendant concedes its liability to pay the amount of two dollars per week. It also concedes its liability to pay the amount charged, unless

its liability is limited to two dollars per week by section 1361 of the Code, and the defendant claims that it is. There was a trial without a jury, and judgment was rendered for the whole amount charged. Defendant appeals.

*L. Bullis*, for appellant.

*G. L. Faust*, for appellee.

ADAMS, J.—It was stipulated by the parties that the pauper was sick and entirely helpless, and was fed by the plaintiff and his family with a spoon, and attended by them night and day as watchers; that the plaintiff and his family administered medicine to him during the entire time mentioned in the account, and rendered him all manner of services implied by the terms nursing and watching.

1. COUNTY: liability for care of pauper: medical attendance.

The amount claimed being less than one hundred dollars, the proper certificate of appeal was allowed and the following questions certified: "Whether the board of supervisors should allow plaintiff for washing, nursing and watching more than two dollars per week? Does the same constitute medical attendance within the meaning of that term in section 1361 of the Code, and for which the defendant is liable above the sum of two dollars per week?"

Section 1361 of the Code provides in substance that the township trustees shall provide for the relief of such poor persons in their respective townships as should not in their judgment be sent to the county poor house; that the relief may be either in the form of food, rent or clothing, fuel and lights, medical attendance or in money, and shall not exceed two dollars per week for each person for whom relief is thus furnished, exclusive of medical attendance.

It is insisted by the defendant that the words *medical attendance*, as used in the statute, do not mean attendance for the mere purpose of administering medicine, but attendance for the purpose of prescribing it professionally.

While the words *medical attendance* are often used to denote the rendering of professional medical services, we do not think that their use in that respect is such as necessarily to exclude

all other meanings. The efforts of the physician, however skill-ful or assiduous he may be, must usually be supplemented by an attendance which he cannot give. It matters not that the persons who give such attendance are usually denominated nurses. Their office is to assist the physician to obtain certain medical results.

We have no reason to suppose that the legislature used the words *medical attendance* with the design that any narrow or technical meaning should be put upon them. The statute contemplates that there are persons who need county assistance but who should not be sent to the county poor house. It pro-vides that the township trustees shall determine who such persons are and supply the necessary relief. We think that they should be allowed in all proper cases to furnish attend-ants other than professional attendants to administer the medi-cine professionally prescribed, and do whatever else constitutes a part of the medical treatment. To hold that they cannot be so allowed under the statute would in our judgment convict the legislature of committing a grave oversight.

We see no error in the ruling of the Circuit Court.

AFFIRMED.