BAKER v. DAWSON.

(Filed November 5, 1902.)

1. EXCEPTIONS AND OBJECTIONS—*Appeal—Judgments—Record.*

An appeal is itself an exception to the judgment or any other matter appearing on the record proper.

2. EXECUTORS AND ADMINISTRATORS—*Settlement of Estates of Decedents—Preferred Debts—The Code, Sec. 1416.*

Under The Code, Sec. 1416, medical services rendered the wife, child or tenant of the deceased, is not a preferred debt.

3. EXECUTORS AND ADMINISTRATORS—*Settlement of Estates of Decedents.*

It is error to allow a claim against the estate of a decedent for medical services rendered his tenant if there is no allegation and proof that the services were rendered at the request of the deceased.

ACTION by Julian M. Baker against N. B. Dawson, administrator of S. P. Jenkins, heard by Judge *Henry R. Bryan,* at Spring Term, 1902, of the Superior Court of EDGECOMBE County. From a judgment for the plaintiff, the defendant appealed.

*John L. Bridgers,* for the plaintiff.
No counsel for the defendant.

CLARK, J.    There is no exception in the record, but an appeal is itself an exception to the judgment or any other matter appearing on the face of the record proper. *Wilson v. Lumber Co.,* at this term.

The following facts are admitted: The plaintiff, a physician, rendered medical services within twelve months just prior to the intestate's death, as follows: (1) to intestate personally, $347; (2) services to intestate's wife and child, $84; to tenants of intestate, $36. The plaintiff seeks to have all of

above adjudged to be preferred debts under The Code, Sec. 1416, which places among the sixth class of preferred debts "medical services within the twelve months preceding the decease." This language, however, contemplates only services rendered to the deceased personally, for the indebtedness is given priority if rendered twelve months prior to his decease, and not within twelve months prior to decease of his wife, his child, or his tenant. As to them, the physician renders the services like any other creditor, relying upon the credit of the person requesting the services, that he will pay or can be made to pay.

It must be noted that there is no priority even for medical services rendered the deceased personally, unless he dies. In all other cases, the physician's bill is like any other debt. If the physician wishes to secure such debts, he must exact security or proceed to collect by law. When the patient is in his last illness, this might be inconvenient or indecent, and as such illness might extend to twelve months, the law endeavors to secure for the patient medical attention by giving a legal priority for such services, if rendered to the patient within twelve months preceding his decease. But such reason does not apply to services rendered his wife and children, as to which the physician has extended credit, relying upon the father or husband or landlord himself paying the debt incurred. There are no words extending the meaning to such debts other than personal services to the debtor, and the language of the statute is restrictive—"for medical services within twelve months prior to the decease"—meaning the decease of the debtor, not of his wife, child or tenant.

The statute being in derogation of the equity of a pro rata distribution, should be strictly construed so as not to confer a priority over other creditors unless clearly called for. A somewhat similar provision is in class two of this same section (1416), which clearly means the funeral expenses of the debtor, and not of his wife, child or tenants.

The defendant did not contest that the first debt above stated for medical services rendered deceased himself was a preferred debt, and the Judge rightly disallowed any priority as to medical services rendered the tenants of the deceased, but erred in rendering judgment therefor to be paid *pro rata* with other debts of the intestate, since it is not alleged nor proved nor admitted that the services were rendered to the tenants at the request of the intestate, and without this, the landlord is not liable for such services.

The Judge also erred in adjudging that the bill for medical services rendered the wife and child of the deceased was a preferred debt. He should have rendered judgment for the amount thereof to be paid *pro rata* with the other unpreferred indebtedness of the defendant's intestate.

