PARK VIEW HOSPITAL ASSOCIATION, INCORPORATED, v. PEOPLE'S BANK AND TRUST COMPANY, EXECUTOR OF C. C. WARD, DECEASED.

(Filed 24 February, 1937.)

**Executors and Administrators § 16—Hospital expenses reasonably necessary for care of deceased within year prior to death held preferred claim.**

Medical services rendered deceased within a year prior to his death are payable in the sixth class of priority by provision of the statute, C. S., 93, and the term "medical services" includes hospital expenses incurred within the twelve months period which are reasonably necessary for the care and comfort of deceased while under treatment by his physician, and which are incurred upon the physician's advice, and where the condition of

deceased necessitates the constant attendance of trained nurses, the hospital may properly include the charges for board for such graduate nurses as an item of its charges included in the sixth class of priority.

APPEAL by both plaintiff and defendant from *Spears, J.,* at October Term, 1936, of NASH. Reversed in plaintiff's appeal; modified and affirmed in defendant's appeal.

This is a controversy without action, submitted to the court on a statement of facts agreed. C. S., 626.

The facts agreed are as follows:

1. The plaintiff is a nonprofit corporation, organized under the laws of North Carolina, with its principal place of business in Nash County, North Carolina.

2. The defendant is a banking corporation, organized under the laws of North Carolina, with its principal place of business in Edgecombe County, North Carolina.

3. This controversy arises out of a contract between the plaintiff and one C. C. Ward. The amount involved in the controversy exceeds the sum of $200.00.

4. C. C. Ward died on 26 July, 1935. Prior to his death he was a resident of Nash County. The defendant qualified as his executor on 2 August, 1935, before the clerk of the Superior Court of Nash County, who issued to the defendant letters testamentary. On 8 August, 1935, the defendant began and thereafter completed publication of the notice to creditors of the estate of the said C. C. Ward, as required by C. S., 45.

5. The said C. C. Ward owned no real estate at the date of his death. His personal property was not sufficient in value for the payment of his debts. After the payment of his preferred debts, as admitted by the defendant, and the costs and expenses of the administration of his estate, the defendant will have in hand, belonging to his estate, the sum of $1,376.78. Claims against his estate, which have been admitted by the defendant, but which have not been paid, amount to $2,400.28.

6. Within the time fixed in the notice to creditors for filing their claims against the estate of C. C. Ward, deceased, the plaintiff filed with defendant its claim amounting to $665.60. Plaintiff contends that said claim, being for medical services rendered to deceased within the twelve months preceding his death, is entitled to priority under the provisions of C. S., 93.

7. On or about 1 September, 1936, the defendant notified the plaintiff that its claim was admitted by the defendant as a valid claim, but that defendant denied that plaintiff was entitled to priority in payment of its claim under the provisions of C. S., 93. The defendant contends that the said claim is within the Seventh Class, and not within the Sixth Class of the debts of C. C. Ward, deceased, as provided by C. S., 93.

If plaintiff's claim is properly payable as a debt of the deceased in the Sixth Class, the plaintiff will receive payment in full of its claim, while common creditors of the estate of C. C. Ward, deceased, will receive approximately 40 per cent of the amounts of their claims, respectively.

If plaintiff's claim is properly classified as included within the Seventh Class of the debts of C. C. Ward, deceased, plaintiff and other creditors, who are not entitled under the statute to priority in the payment of their claims, will receive approximately 57 per cent of the amounts of their claims, respectively.

8. On 13 December, 1934, the said C. C. Ward, being ill and then requiring hospital treatment, was referred by his personal physician to plaintiff's hospital, and on that day was admitted to said hospital; he remained in said hospital until 7 March, 1935. During that period the said C. C. Ward was suffering from rheumatic fever; cystitis (inflammation of the bladder); singulus (hiccoughs); and erythema nodosum (painful lumps in the legs, a sequel of rheumatic fever).

On 7 March, 1935, the said C. C. Ward returned to his home in Nash County and remained there until 14 April, 1935, on which day he was readmitted to plaintiff's hospital. He was then suffering from bulbar palsy (paralysis of the throat). He was also afflicted with urinary incontinence. By 27 April, 1935, it was realized that the condition of the said C. C. Ward was hopeless. He was again returned to his home and remained there until his death on 26 July, 1935.

The treatment of the said C. C. Ward, while he was in plaintiff's hospital, required a number of blood transfusions and cystoscopic treatments. The prolonged hiccoughs were finally relieved by the administration of carbon dioxide from tanks.

9. There has been filed with the defendant and admitted by it as a valid preferred claim against the estate of its testator, as a debt within the Sixth Class, C. S., 93, a bill from Boice-Willis clinic for the sum of $310.00. Boice-Willis clinic is a group of physicians who practice in plaintiff's hospital.

Plaintiff's bill filed with the defendant, in support of its claim against the estate of C. C. Ward, deceased, is itemized as follows:

"97 days private room at $4.50.................................$  436.50
 Use of operating room............ .. ............................   12.50
 Drugs .... ........ .... ............... ..... .......................... ..   16.60
 Special laboratory examinations ...........................   27.50
 Board for graduate nurses..... .................................  159.00
 Meals for wife.........................................................    3.50
                                                                          ————————
                                                                       $  655.60"

(It is conceded by the plaintiff that the last item for $3.50 should be classified as a debt of the deceased under the Seventh Class.   C. S., 93.)

11. The claim of the plaintiff represents the reasonable value of services rendered to C. C. Ward, deceased, by the plaintiff, as shown on the itemized bill filed with the defendant.   During the time he was in plaintiff's hospital, C. C. Ward was under constant observation and treatment by his physician, who visited him daily.   His presence in plaintiff's hospital (or in some similar hospital) was reasonably necessary for his proper treatment by his physicians.   He could not have had such treatment, safely and conveniently, at his home.

The question of law presented to the court, for its decision, was whether, on the facts agreed, plaintiff's claim for $652.10 should be classified for payment by the defendant as a debt of the deceased, included within the Sixth Class or the Seventh Class, as provided by C. S., 93.

The court was of opinion that on the facts agreed, all the items included in the bill filed with the defendant by the plaintiff, except the items of $159.00 and $3.50, aggregating the sum of $162.50, constitute a debt of the deceased for medical services rendered to him by the plaintiff within twelve months preceding his death, and that said debt, amounting to the sum of $493.10, should be classified for payment as included within the Sixth Class of the debts of the deceased, and accordingly adjudged that defendant pay the plaintiff the sum of $493.10 as a debt included within the Sixth Class, and the sum of $162.50, as a debt included within the Seventh Class of the debts of the deceased, and that the costs be taxed against the defendant.

From this judgment both plaintiff and defendant appealed to the Supreme Court, each assigning error in the judgment.

*Battle & Winslow for plaintiff.*
*Thorp & Thorp for defendant.*

CONNOR, J.   The order in which the debts of a deceased person shall be paid by his administrator or executor is prescribed by statute.   C. S., 93.   For the purpose of determining the priority of such debts, they are classified as follows:

"First Class.   Debts which by law have a specific lien on property to an amount not exceeding the value of such property.

"Second Class.   Funeral expenses.

"Third Class.   Taxes assessed on the estate of the deceased previous to his death.

"Fourth Class.   Dues to the United States or to the State of North Carolina.

"Fifth Class. Judgments of any court of competent jurisdiction within this State, docketed and in force, to the extent to which they are a lien on the property of the deceased at his death.

"Sixth Class. Wages due to any domestic servant or mechanical or agricultural laborer employed by the deceased, which claim for wages shall not extend to a period of more than one year preceding the death; or if such servant or laborer was employed during the year current at the decease, then from the time of such employment; for medical services within twelve months preceding the decease.

"Seventh Class. All other claims and demands."

It is provided by statute that "no executor, administrator, or collector shall give to any debt any preference whatever, either by paying it out of its class, or by paying thereon more than a pro rata proportion in its class." C. S., 94.

Speaking of the statutory preference of a debt incurred by a decedent for medical services rendered to him within twelve months preceding his death, *Clark, C. J.,* in *Baker v. Dawson,* 131 N. C., 227, 42 S. E., 588, said:

"It must be noted that there is no priority even for medical services rendered the deceased personally, unless he dies. In all other cases, the physician's bill is like any other debt. If the physician wishes to secure such debts, he must exact security or proceed to collect by law. When the patient is in his last illness, this might be inconvenient or indecent, and as such illness might extend to twelve months, the law endeavors to secure for the patient medical attention by giving a legal priority for such services if rendered to the patient within twelve months preceding his decease. But such reason does not apply to services rendered his wife and children, as to which the physician has extended credit, relying upon the father or husband himself paying the debt incurred. There are no words extending the meaning to such debts other than for personal services to the debtor, and the language of the statute is restrictive— 'for medical services within twelve months prior to the decease'—meaning the decease of the debtor, not of his wife or child. The statute being in derogation of the equity of a pro rata distribution, should be strictly construed so as not to confer a priority over other creditors unless clearly called for."

This principle was properly applied in *Baker v. Dawson, supra.* The decision in that case was manifestly correct. The principle does not require, however, a restricted construction of the words "medical services," in the instant case, which will exclude from the provisions of the statute services rendered to the deceased within twelve months preceding his death, by the plaintiff, which were rendered upon the advice of his physician, and were reasonably necessary, because of his illness, for his

care and comfort, while he was under treatment by his physicians. The purpose of the statute would be defeated by such construction. When the plaintiff admitted C. C. Ward into its hospital, it doubtless felt assured that if he recovered from his illness and was restored to his health, he would pay his hospital bill, and that if he died within twelve months from the date of his admittance, it would have a preferred claim for its services upon his estate.

The words "medical services," as used in the statute, include all services rendered to the deceased, because of his illness, upon the advice of his physician, which were reasonably necessary for his care and comfort, and for his proper treatment by his physicians.

There is error in the judgment in the instant case excluding from the provisions of the statute the amount due the plaintiff for board of graduate nurses who attended the deceased while he was a patient in plaintiff's hospital. It is manifest from the facts agreed and submitted to the court that it was reasonably necessary that his nurses should attend C. C. Ward constantly while he was a patient in plaintiff's hospital. It was therefore not only convenient but reasonably necessary for the plaintiff to furnish board for said nurses.

There is no error in the judgment with respect to the payment by the defendant of the amount due to the plaintiff for services rendered to the deceased. The judgment should, however, include the item of $159.00.

In accordance with this opinion, the judgment in plaintiff's appeal is reversed; in defendant's appeal the judgment is modified and affirmed.

Reversed on plaintiff's appeal.

Modified and affirmed on defendant's appeal.