**TRAVELERS INS. CO. v. DICKSON.**

No. 11727.

Circuit Court of Appeals, Fifth Circuit.

March 12, 1947.

Rehearing Denied April 18, 1947.

Jas. W. Mehaffy, of Houston, Tex., for appellant.

Maurice M. Davis and George S. King, both of Houston, Tex., for appellee.

Newton Gresham, of Houston, Tex., for Commercial Standard Insurance Company, amicus curiæ.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

On October 4, 1945, Industrial Accident Board, purportedly acting under the authority of Section 7,[1] Article 8306, Revised Civil Statutes of Texas, entered its order directing Travelers Insurance Company "to furnish and provide medical, hospital and nursing services to Arthur Dickson in the sum of $175 per week from July 28, 1945, for an indefinite period in the future not exceeding 401 consecutive weeks from November 17, 1942, unless changed by subsequent award of the Board".

On October 16, 1945, Travelers Insurance Company brought this suit to set aside and annul the award.[2] The grounds urged for setting it aside were: (1) that it ordered plaintiff to furnish medical services beyond the 91 days after the date of

---

[1] "During the first four weeks of the injury, dating from the date of its infliction, the association shall furnish reasonable medical aid, hospital services and medicines. If the association fails to so furnish same as and when needed during the time specified after notice of the injury to the association or subscriber, the injured employee may provide said medical aid, hospital service and medicines at the cost and expense of the association. The employe shall not be entitled to recover any amount expended or incurred by him for said medical aid, hospital services or medicines nor shall any person who supplied the same be entitled to recover of the association thereof, unless the association or subscriber shall have had notice of the injury and shall have refused, failed or neglected to furnish it or them within a reasonable time. At the time of the injury or immediately thereafter, if necessary, the employe shall have the right to call in any available physician or surgeon to administer first aid treatment as may be reasonably necessary at the expense of the association. During the fourth or any subsequent week of continuous total incapacity requiring the confinement to a hospital, the association shall, upon application of the attending physician or surgeon certifying the necessity therefor to the Industrial Accident Board and to the association, furnish such additional hospital services as may be deemed necessary not to exceed one week, unless at the end of such additional week the attending physician shall certify to the necessity for another week of hospital services or so much thereof as may be needed. Such additional hospital services as are herein provided shall not be held to include any obligation on the part of the association to pay for medical or surgical services not ordinarily provided by hospitals as a part of their services."

[2] "Arthur Dickson, Employee
v.
"Houston Shipbuilding Corporation, Employer.
"The Travelers Insurance Company, Insurer.
"On this 4th day of October, 1945, after due notice to all parties, came on to be considered by Industrial Accident Board claim for medical, hospital and nursing benefits by Arthur Dickson against The Travelers Insurance Company, and Board finds and orders:
"That it has been established by proof that said Arthur Dickson is, has been and will continue to be permanently and totally disabled for work and confined in a hospital requiring nursing and medical attention which was provided by The Travelers Insurance Company until July 28th, 1945; that such hospital, nursing and medical services essential and necessary to his care and treatment are of the reasonable value of $175.00 per week, and have been and will continue to be necessary for an indefinite period in the future not exceeding 401 weeks from November 17, 1942.
"The Travelers Insurance Company is ordered to furnish and provide medical, hospital and nursing services to Arthur Dickson in the sum of $175.00 per week from July 28, 1945, for an indefinite period in the future not exceeding 401 consecutive weeks from November 17th, 1942, unless changed by subsequent award of the Board."

the injury which is the limit allowed by the act; (2) that the act authorizes an order for hospital services only week by week and for one week at a time, pursuant to the prior written certification and request of the attending physician, and that this had not been done; and (3) the award directs the furnishing of the services of private nurses, services not ordinarily provided by hospitals and, therefore, not authorized by the Statute under whose purported authority the order was made.

The defendant answered, and becoming cross-plaintiff, sought judgment against the plaintiff, Travelers Insurance Company, for hospital, medical and nursing services from July 28, 1945, for a period of approximately 260 weeks or so long during such period as cross-plaintiff may live.

At the conclusion of the evidence, the parties agreed that there was no controverted issue of fact to go to the jury, that the jury might be excused, and that the case should be submitted to the court on a stipulation.[3]

The district judge found the facts as stipulated, but he did not make a finding as to what was the undisputed testimony of

---

[3] "The facts on which this case is to be determined are the following:

"1. Arthur Dickson was on November 17, 1942, an employee of the Houston Shipbuilding Corporation, now known as the Toff-Houston Shipbuilding Corporation, which was insured by The Travelers Insurance Company under the terms of the Workmen's Compensation Act of the State of Texas.

"2. On November 17, 1942, Arthur Dickson, while engaged in the scope of his employment, received accidental injuries arising out of and originating in his employment, as a result of which since November 17, 1942, he has been continuously disabled from engaging in any form of labor, and he will for so long as he survives continue to be totally disabled within the meaning of the Workmen's Compensation Act of the State of Texas.

"3. Arthur Dickson is entitled to receive the sum of $20.00 per week for the period beginning November 17, 1942, until the end of the period of 401 weeks after November 17, 1942, or until his death prior thereto, and the obligation of the Travelers Insurance Company to make such payment to him is not included in the award in this case, and not involved in this lawsuit.

"4. Since November 17, 1942, Arthur Dickson has continuously been confined at St. Joseph's Infirmary in the City of Houston, Harris County, Texas, his hospitalization having been necessary at all times since November 17, 1942, and his hospitalization will continue to be necessary so long as he shall survive.

"5. The Travelers Insurance Company gave notice to Arthur Dickson, as shown by the record, on July 27, 1945, that it would no longer be responsible for his medical, nursing service and hospitalization, and has not, since that date, paid any part of those services. This suit is brought to recover the value of such services from and after July 28, 1945, to date and in the future, so long as Arthur Dickson shall live, not to exceed 401 weeks from and after November 17, 1942.

"6. The value of the hospitalization furnished by St. Joseph's Infirmary to Arthur Dickson from and after July 28, 1945, to this date is $48.65 per week, and the value of the future hospitalization which he will need will be the sum of $48.65 per week, the aggregate from July 28, 1945, to January 7, 1946, being $1135.25, which has not been paid by The Travelers Insurance Company.

"7. If The Travelers Insurance Company should be liable for medical charges, which is not admitted, but which on the contrary is denied, the reasonable value of the same since July 28, 1945, is and has been, and will be in the future, $5.00 per month.

"8. Since July 28, 1945, Arthur Dickson has had the services of only one full time nurse, who is on duty from 7:00 A. M. to 3:00 P.M. each day, her charges for her services being $8.00 per day, which is reasonable, usual and customary, and the number of days that she had been on duty being 160 up to January 7, 1946, the charge for which aggregates $1,280.00, which has not been paid by The Travelers Insurance Company, but by money loaned to Arthur Dickson by his sister.

"9. For his reasonably proper care, Arthur Dickson should have in the future, and should have had but has not had in the past, since July 28, 1945, two such nurses, the reasonable value of the services of which are $16.00 per day.

"10. The file of exhibits from the Insurance Accident Board (Exhibit D-7) (XP-7), introduced by the attorneys for Dickson, reflects completely the situation as to certification of necessity for hospitalization in the past, and it is conceded that hospitalization will be necessary in the future, the question of wheth-

the witnesses referred to in the stipulation. This was that hospital charges do not include the pay of private nurses, but such nurses are furnished and paid for by the patient and that "the services of such a nurse are not a part of the services ordinarily rendered by hospitals as a part of the hospital service". Neither did he find, as was the fact, that, but for two or three weeks in August, there had been a continuous weekly certification up to the time of the judgment. He concluded: (1) that the award of the Board was a final and appealable ruling; and (2) that the private nursing, which it was agreed was necessary for this patient, was properly allowable as a part of the hospital service authorized by the statute after four weeks. He made no conclusion of law on plaintiff's third point, the necessity for continuing weekly certification in advance, but he must have disagreed with it, for he gave judgment for hospital bills and necessary private nursing services accrued and to accrue according to the stipulations.

Here appellant urges its first and second points, that the order of the board was not final and appealable, and that the statute required weekly certifications in advance, and there was no authority in the board or the court, therefore, to award hospital services in the indefinite future. Its principal argument, though, is directed to, its main reliance is on, its third point, that the hospital services the statute authorizes after the fourth week do not include the pay of private nurses.

 Its first point, that the order is not final, we think it clear, was rightly rejected by the district judge. The cases appellant cites in support are hernia cases. The cases appellee cites are controlling.[4] The district judge was right, too, in rejecting as untenable the second point, that since the statute authorized payment for such hospitalization only upon weekly certification, the board and the court could not make any indefinite hospital award. The statute must, of course, be complied with. "It is now settled that each step in

er certification thereof is necessary being a question of law for the Court to determine.

"11. On October 4, 1945, the Industrial Accident Board entered its award requiring the payment of $175.00 per week to Dickson for hospitalization, medical care and nursing for an indefinite period, not to exceed 401 weeks from November 17, 1942 which award is in evidence for jurisdictional purposes. Within 20 days after the date of such award, notice of intention to appeal therefrom was given by The Travelers Insurance Company, and this suit was filed within 20 days after the giving of such notice.

"12. The testimony as to whether the services rendered by the nurses hereinabove referred to are a part of the ordinary services furnished by hospitals is fully covered by the testimony of the witnesses herein.

"13. The record reflects the source of the payment of all expenses for hospitalization, medical service and nursing service prior to July 28, 1945.

"14. Subject to the right of The Travelers Insurance Company to assert that the award of the Industrial Accident Board above referred to is interlocutory and not final, and therefore not such an award as gives the Court jurisdiction to enter any judgment, it is agreed that should the Court find that the amounts

to be paid in the future should be paid week by week during Dickson's life, not to exceed 401 weeks from November 17, 1942, neither party will object to the judgment for lack of finality because of such requirements, if any of the judgment.

"15. This stipulation includes and covers all the facts upon which this case is to be decided, except such facts as are shown by the file of exhibits from the Industrial Accident Board introduced by attorneys for Dickson, and except such facts as are shown by the testimony of Dr. Cecil M. Crigler, Sister Mary Fidelis, Mrs. Leta Langston, Mrs. Arthur Dickson and Allen C. Watson on the question of whether the Registered Nurses' services are a part of the services ordinarily furnished by hospitals, together with the letter of July 27, 1945, written by The Travelers' Insurance Company to St. Joseph's Infirmary, with a copy to Dickson".

4 Southern Underwriters v. Yocham, Tex.Civ.App., 140 S.W.2d 341; Traders & General Ins. Co. v. Baker, Tex.Civ. App., 111 S.W.2d 837; Federal Underwriters Exchange v. Guest, Tex.Civ.App., 129 S.W.2d 708; Vestal v. Texas Employers Ins. Ass'n, Tex.Com.App., 285 S. W. 1041. See also Middlebrook v. Texas Indemnity Ins. Co., 131 Tex. 163, 114 S. W.2d 226.

the progress of the maturity of a claim under the Workmen's Compensation Act [Vernon's Ann.Civ.St. art. 8306 et seq.] * * * from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies". American Surety Co. of New York v. Mays, Tex.Civ.App., 157 S.W.2d 444, 446. Especially is it true that where the statute is relied on for a recovery of medical, surgical or hospital services, compliance with it or a waiver of compliance must be shown, and in the absence of waiver no liability can arise except upon compliance.[5] The compliance required, however, is not technical but substantial, and, as construed and applied by the Texas courts,[6] the act will be given the fullest possible effect and no insubstantial failures to comply with it will defeat its full remedial application.

█ The record contains sufficient weekly certifications up to the judgment date, and appellant has stipulated that the conditions which would authorize, indeed require, a continuance of the weekly certifications have existed and will continue to exist for the full 401 weeks. We think it would be a sticking in the bark of form and a denial of substance to hold that in an agreed case of total and permanent hospitalization like this one, the board and the court are without authority to dispense with the formal weekly certifications to give effect to a substance solemnly agreed to by the plaintiff.

█ Its main contention, that the claim for private nursing services furnished and paid for by the patient as distinguished from floor nurses furnished and paid for by the hospital and included in the hospital bill are not, under the undisputed testimony, embraced within the statutory obligation which is sued on here "to furnish such additional hospital services as may be deemed necessary", is much more vigorously argued. Invoking the final clause of the section [7] providing, as construed in Lumbermen's Reciprocal Ass'n v. Wilmoth, Tex.Com.App., 12 S.W.2d 972, that medical services beyond those ordinarily furnished by hospitals may not be required beyond the days the act fixes as a limit to the authorization of additional medical attention, appellant insists that the judgment for private nursing may not stand. It urges as significant that in Texas cases [8] dealing with claims for hospital services the courts have approved the submission of a special issue as to whether the hospital services sued for were those ordinarily furnished in hospitals. Finally, pointing out that the statute does not provide in terms for the services of private nurses and arguing that they must be recovered if at all as medical services, appellant cites cases from other states [9] holding that nursing is included in a statutory provision for medical services, and urges upon us as controlling the decision in the Wilmoth case, supra, holding, that under the Texas statute, medical services not ordinarily furnished by a hospital could not be recovered beyond four weeks, the statutory limit then prevailing.

Of appellant's main argument, that private nursing if recoverable as a part of

[5] Aetna Casualty & Surety Co. v. Block, Tex.Civ.App., 161 S.W.2d at page 874.

[6] Cf. Security Union Casualty Co. v. Roberts, Tex.Civ.App., 298 S.W. 164; Security Union Casualty Co. v. Peer, Tex. Civ.App., 1 S.W.2d 1109; Texas Employers' Ins. Ass'n v. Drummond, Tex. Civ.App., 267 S.W. 335; Great American Indemnity Co. v. Beaupre, Tex.Civ. App., 191 S.W.2d 883; Commercial Casualty Ins. Co. v. Hilton, Tex.Civ.App., 55 S.W.2d 120.

[7] "Such additional hospital services as are herein provided shall not be held to include any obligation on the part of the association to pay for medical or surgical services not ordinarily provided by hospitals as a part of their services."

[8] Commercial Casualty Ins. Co. v. Hilton, Tex.Civ.App., 55 S.W.2d 120; Texas Indemnity Co. v. Williamson, Tex.Civ. App., 109 S.W.2d 322.

[9] Haggerty's Case, 298 Mass. 466, 11 N.E.2d 583; Parkview Hospital Ass'n v. Peoples Bank & Trust Co., 211 N.C. 244, 189 S.E. 766; Meuses' Case, 262 Mass. 95, 159 N.E. 636; Scott v. Winneshiek County, 52 Iowa 579, 3 N.W. 626; Shober v. Industrial Comm., 92 Utah 399, 68 P.2d 756; Kahn v. Metropolitan Life Ins. Co., 132 N.J.L. 503, 41 A.2d 329.

hospital service is recoverable only as medical services, and, as medical services, is subject to limitation of the last sentence of the section set out in note 6, supra, it is sufficient to say that the decision of the Wilmoth case in the Court of Civil Appeals, 1 S.W.2d 415, has foreclosed the argument for us. There the Court of Civil Appeals affirmed the judgment of the trial court in favor of four private nurses and for medical services rendered the claimant by physicians, both claims extending far beyond the four weeks' time then limited in the statute for medical services. Certiorari was applied for only as to the medical services rendered by the physicians, and the Supreme Court, in 12 S.W.2d 972, determined that these could not be recovered beyond the first four weeks. We are thus bound by the two decisions to distinguish as to recoverability between private nursing services and medical services furnished after four weeks.

The opinion of the Court of Civil Appeals contains no findings as to whether there was an issue of fact made and evidence offered upon it as to whether the private nursing in question was ordinarily furnished by the hospital as a part of the service. The suit, however, was brought not by or for the hospital but by the private nurses in their own right.

If we could consider the question presented on the evidence here as one of original inquiry, we would be much impressed with the force of appellant's general argument that the hospital services recoverable under the statute ought to be held not to include the services of the private nurses here, when it is undisputed that these services were not furnished by, or for the account of, the hospital,[10] but were procured and paid for by the patient on his own account. For it seems reasonable to assume that in providing for the payment of additional hospital services, the legislature meant what it said that it was not intended to include services rendered the patient which were not truly hospital services. It is, therefore, a matter of regret that this question which, though not open to our independent examination, has not been foreclosed by an authoritative decision of the Texas Supreme Court, has come up for decision in a court which, without authority to examine the question for itself, is compelled, under what we regard as the at present prevailing opinion of the Supreme Court of the United States, to affirm the judgment under the leading, if not the ruling, of the Court of Civil Appeals in the Wilmoth case. Because this is so and because the Supreme Court of Texas has not yet had its final say on the question, we feel that we should make it clear that in affirming the trial court's judgment on the authority of the Civil Appeals opinion, we are neither approving nor disapproving of that opinion as a correct construction of the statute. We are merely holding that that opinion seems to

[10] The evidence of the Sisters and of Dr. Crigler is that the graduate nurses employed in the hospital are never delegated to the care of one patient and that Dickson's private nurses were not furnished him by, or for the account of, the hospital.

Sister Mary Fidelis, the Superior, and in charge of the operation of St. Joseph's Infirmary, testified that the hospital does not undertake to furnish to particular cases the services of a private or special registered nurse from the Nurses' Bureau, nor to pay or guarantee the compensation of a private nurse for a particular patient. The patient arranges for such nurse.

In answer to the question: "To a patient like Arthur Dickson, who has a room in your hospital, what services does St. Joseph's Infirmary render as an ordinary part of its services?", she said:

"Well, the ordinary service we give the patients is that the Sister on the floor is a registered nurse and she has an assistant and from one to two graduate nurses on general duty, nurses on that floor, and the student nurses, and they give the patients general care. The services of a private registered nurse such as the nurses on duty in the Dickson case are not ordinarily furnished by St. Joseph's Infirmary as a part of its service. They are not provided by the Infirmary as a part of the service of the Infirmary. The hospital records would contain nothing about the payment of the nurses, the hospital is not interested in any way in the source of the money which is paid to them. The charges which the hospital is making for Mr. Dickson for the services that it furnishes do not include any of the services performed by the private nurse."

us to be authority for the recovery obtained here and that, in the absence of its differentiation or overruling by the Supreme Court of Texas, we are bound to follow it, and under its lead affirm the judgment appealed from.

Affirmed.