HELEN G. UNDERWOOD v. A. T. WARD, ADMINISTRATOR OF DAVID F. UNDERWOOD, JR., DECEASED.

(Filed 24 February, 1954.)

**1. Executors and Administrators § 15c: Husband and Wife § 14½—**

　　Where husband and wife execute notes jointly and severally promising to pay moneys used by them in the improvement or purchase of property held by them by entireties, each is primarily liable, jointly and severally, and upon the death of the husband, his estate is liable only for one-half the balance remaining due at his death, without credit for any sums realized from the property after his death.

**2. Husband and Wife § 15d—**

　　Upon the death of the husband, the wife becomes the sole owner of lands held by them by entireties, and no right, title or interest of any kind passes to the estate of the husband.

17—239

**3. Executors and Administrators § 16—**

> The provision of G.S. 28-105 that debts constituting a specific lien on property to the amount not exceeding the value of the property shall be paid in the first class of priority is solely for the purpose of preserving the equity in property for the benefit of the creditors and beneficiaries of the estate, and the statute can have no application when the property subject to the lien is not a part of the assets of the estate, even though the estate be liable for the payment of the debt secured, or any part of it.

**4. Same: Husband and Wife § 15d—**

> Husband and wife were jointly and severally liable on notes secured by liens on lands held by them by entireties. *Held:* Upon the death of the husband, the liability of his estate for one-half the balance due on the notes at the time of his death is not a debt coming within the first class of priority, since even though the debt is secured by specific lien on the property, the property is not an asset of the estate.

APPEAL by plaintiff from *Moore, J.,* Resident Judge of the Twentieth Judicial District, heard 8 January, 1954, in Chambers in Sylva, N. C., by agreement, from HAYWOOD.

Controversy without action duly submitted in accordance with the provisions of G.S. 1-250, heard upon an agreed statement of facts. The facts on which decision of the question presented on appeal must be made are stated in the opinion.

*S. G. Bernard for plaintiff, appellant.*
*Morgan & Ward for defendant, appellee.*

BOBBITT, J.   David F. Underwood, Jr., died intestate 30 August, 1953, and the defendant is the administrator of his estate. The decedent and Helen G. Underwood, the plaintiff, were husband and wife.

The husband purchased a lot in Waynesville adjoining the right of way of the Southern Railway Company, referred to as the "Southern Railway lot," and erected thereon a large business building having a value of $50,000.00 or more and constructed a railroad sidetrack. He also purchased a 200 acre tract of land in Haywood County, referred to as the "Gwyn Tract." He had these properties conveyed to himself and his wife as tenants by entirety.

They executed two deeds of trust on the "Southern Railway lot" securing their promissory notes for $20,000.00 and $10,000.00; and the principal balances owing when the husband died were $11,000.00 and $4,911.12, respectively. These notes provided, "For value received, the undersigned, jointly and severally, promise to pay," etc. The $30,000.00 thus borrowed was used exclusively in the erection of the building and the construction of the sidetrack on the "Southern Railway lot."

They executed a deed of trust on the "Gwyn Tract" securing their promissory note for $13,000.00. The principal balance owing when the husband died was $12,886.22. This note provided, "For value received, the undersigned, jointly and severally, promise to pay," etc. The $13,000.00 thus borrowed was used exclusively as part purchase price for the "Gwyn Tract."

In each instance, the property subject to lien has a value in excess of the debt; and the ability of the plaintiff to discharge in full her liability for these debts is not disputed.

The assets of the decedent's estate available for the payment of debts equal or exceed the estate's liability for one-half of these debts if such liability is treated as a debt of the First Class under G.S. 28-105. However, such assets are insufficient for the payment of the estate's liability for one-half of these debts if such liability is on the basis of an unsecured general claim and entitled to participation in the distribution on equal terms with other unsecured general claims.

The plaintiff's assignments of error are addressed solely to Judge Moore's ruling that these debts are not First Class debts within the meaning of G.S. 28-105 but are liabilities of the decedent's estate on the basis of unsecured general claims. In our view, Judge Moore's ruling was clearly correct.

Upon the execution of the notes the makers became primarily liable, jointly and severally, for the payment thereof; and as between the plaintiff and her husband's estate the liability of each is for the payment of one-half of the amounts owing when the husband died. This is the explicit holding in *Trust Co. v. Black,* 198 N.C. 219, 151 S.E. 269. The plaintiff concedes that this is correct but insists that the claim of each of these secured creditors for the debts outstanding when the husband died (or her claim for one-half of that amount should she pay the debts in full in order to avoid foreclosure or for other reasons) is entitled to preferential payment from the general assets of the decedent's estate. She relies upon G.S. 28-105, which prescribes the order in which debts of a decedent must be paid, and particularly she urges that such debts are within the First Class, namely, "Debts which by law have a specific lien on property to an amount not exceeding the value of the property."

Upon the death of her husband, the plaintiff, as survivor in the tenancies by entirety, became the sole owner of the real property. No right, title or interest of any kind passed to the defendant-administrator, for the benefit of the creditors of the intestate, or to the heirs of the intestate. *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566.

It is true that the deeds of trust constitute specific liens on real property of which the plaintiff became and is now sole owner. The question presented is whether these specific liens on *her* real property require that

the liabilities of the decedent's estate for these debts be paid as debts of the First Class.

The evident purpose of the statute relating to debts of the First Class is to benefit the estate, particularly the creditors thereof next in line for payment. Administration of Estates in North Carolina, Douglas, Section 218. In this connection, it should be noted that debts of the First Class take precedence over funeral expenses, taxes, and other items entitled to payment before general claims. The priority of the First Class is limited to a situation where the value of the property equals or exceeds the amount of the specific lien thereon. Thus, the personal representative may preserve any equity for the benefit of other creditors and of beneficiaries. But where the estate and its creditors and beneficiaries have no right, title or interest in the real property on which the creditor has a specific lien, no equity can be preserved.

"The statute being in derogation of the equity of a *pro rata* distribution, should be strictly construed so as not to confer a priority over other creditors unless clearly called for." *Baker v. Dawson,* 131 N.C. 227, 42 S.E. 588; *Hospital Asso. v. Trust Co.,* 211 N.C. 244, 189 S.E. 766.

The exact wording relating to debts of the First Class now appearing in G.S. 28-105 goes back to Section 24, Chapter 113, Laws of North Carolina 1868-69. We are unable to find any decision or intimation that the statute applies other than in situations where the property subject to the lien was a part of the decedent's estate. If the contention of the plaintiff were accepted, two persons could execute and deliver their promissory note for money borrowed; as security therefor, one of them could execute a deed of trust on his separate property, the other giving no security; and upon the death of the person who gave no security it could be asserted that the liability of his estate for the amount due on the note is a First Class debt under G.S. 28-105 payable in full ahead of all other debts for the reason that such debt was secured by a specific lien on property. No such intention can be discerned when the context and purpose of G.S. 28-105 are kept in mind. The fact that the plaintiff is the widow of the decedent and is now the sole owner as the surviving tenant in an estate by entirety rather than sole owner when the notes and deeds of trust were executed affords no basis for distinction in relation to the applicability of the portion of G.S. 28-105 dealing with First Class debts.

It is plain that "a specific lien on property to an amount not exceeding the value of such property" as used in G.S. 28-105 refers only to property which passes to and becomes a part of the decedent's estate and which, upon payment of a debt of the First Class, is preserved free of lien for the creditors and beneficiaries of the decedent's estate. The statute has no reference to specific liens on properties owned by others and in which the decedent's estate has no interest.

If the creditors had a specific lien on property belonging to the decedent's estate, they would be required to exhaust their security and then would be permitted to file claim only for the balance of the debt due after allowing credit for the proceeds of sale. *Rierson v. Hanson,* 211 N.C. 203, 189 S.E. 502. Since they have no specific lien on property belonging to the decedent's estate, the estate's liability is for the debts and, as between the plaintiff and the defendant, for one-half of the amount thereof, without allowance of credit for what is or may be realized from property now owned solely by the plaintiff.

The judgment below is predicated upon a correct ruling on the single question presented by this appeal and is therefore

Affirmed.